UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL AL'FARO,

    Petitioner,

    v.

PAT VALENCIA,

    Respondent.
                                   /

No. C 08-4295 SI (pr)

**ORDER TO STAY AND ADMINISTRATIVELY CLOSE CASE**

        Michael Al'Faro, an inmate at San Quentin State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Santa Clara County Superior Court for stalking, see Cal. Penal Code § 646.9(a), for which he was sentenced on July 21, 2008 to four years in prison. He claims that he received ineffective assistance of counsel. He apparently did not appeal before filing this action, but did file a petition for writ of habeas corpus in the California Supreme Court after he filed this action. Al'Faro has moved for a stay pending resolution of his state habeas petition.

        A district court may stay a habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Trying to apply the Rhines test here is awkward because the problem, if any, in this case is that Al'Faro acted too hastily by filing his federal petition less than two months after he was sentenced. However, because Al'Faro identified the claim he

wants to assert and moved for a stay months before the expiration of the one-year habeas statute of limitations period, a stay would not offend the purposes of the AEDPA as explained in Rhines, 544 U.S. at 277, and apparently would comport with the procedure approved in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (prisoners who run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").  Accordingly, the motion for a stay and abeyance is GRANTED.  (Docket # 8.)

      This action is STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Al'Faro exhausts the unexhausted claim and, within thirty days of doing so, files a motion to reopen this action, lift the court's stay and proceed with this action.  Al'Faro must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.  If he does not return within thirty days of exhausting the unexhausted claim and the limitations period has expired, dismissal is quite likely.  See Rhines, 544 U.S. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

      Finally, when Al'Faro files his motion to reopen the action and lift the stay, he must also substitute in a proper respondent.  A person in custody pursuant to the judgment of a state court should name the "'state officer having custody'" of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  This person typically is the warden of the facility in which the petitioner is incarcerated.  See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  In his petition, Al'Faro listed his defense attorney as the respondent.  A defense attorney is not a proper respondent because he does not have custody over the petitioner.  The proper respondent would be the warden of the prison in which Al'Faro is housed.

      IT IS SO ORDERED.

DATED: 3/2/09

                                                 SUSAN ILLSTON
                                        United States District Judge