UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL AL'FARO,

    Petitioner,

    v.

VINCE CULLEN, acting warden,

    Respondent.

                               /

No. C 08-4295 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Michael Al'Faro, and inmate at San Quentin State Prison, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2008 conviction in Santa Clara County Superior Court. The action is now before the court for consideration of respondent's motion to dismiss, which Al'Faro opposes. For the reasons discussed below, the court will dismiss the petition because state court remedies have not been exhausted as to the only claims that could be asserted by this prisoner whose conviction rests on a no-contest plea.

## BACKGROUND

Al'Faro suffered two separate convictions, and understanding that simple fact enables one to make sense of a somewhat confused record. Although Al'as separate events, the courts and respondent do.

In 2007, Al'Faro was convicted of misdemeanor possession of drug paraphernalia and using/being under the influence of a controlled substance, see Cal. Health & Saf. Code §§ 11364, 11550(a). On August 27, 2007, he was sentenced by the Santa Clara County Superior Court to

1  90 days in county jail and one year of probation.[1]  That sentence has expired and can no longer
2  be challenged in a federal habeas action because Al'Faro does not meet the custody requirement
3  for that conviction.[2]

4   In 2008, Al'Faro suffered the stalking conviction that is the subject of this action.  On
5  June 9, 2008, he pled no-contest in Santa Clara County Superior Court to stalking and admitted
6  to having served four prior prison terms.  See Cal. Penal Code §§ 646.9, 667.5(b).  This plea was
7  entered during a trial in which Al'Faro also faced charges of rape, assault and burglary, and faced
8  a possible sentence of life imprisonment if convicted of all charges.  See Resp. Ex. 5 at 2.  On
9  July 21, 2008, the court sentenced him to four years in state prison.

10   Al'Faro appealed.  On June 4, 2009, the California Court of Appeal affirmed the judgment
11  of conviction in the stalking case.  He did not seek review in the California Supreme Court.

12   He filed his federal habeas petition on September 12, 2008.  In his federal petition, he
13  alleged that his attorney rendered ineffective assistance in the stalking case in that the attorney
14  (a) referred to Al'Faro's ex-girlfriend (the complainant) as the victim, (b) stated that a victim's
15  advocate would be present at the preliminary hearing, (c) called the prosecutor his friend, and
16  (d) was not prepared at the preliminary hearing.  A few months after filing the petition, Al'Faro
17  requested and received a stay of this action so he could exhaust state court remedies.

18   Al'Faro filed a habeas petition in the California Supreme Court on January 30, 2009,
19  asserting that he received ineffective assistance of counsel.  The petition confusingly attempted

---

[1] The record does not disclose whether he appealed that conviction.  He did file an unsuccessful habeas petition in the Santa Clara County Superior Court challenging the conviction in the narcotics case.  See Resp. Ex. 4.  That petition was denied on September 4, 2008.

[2] A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed.  See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  A person who has fully served his sentence and who is not subject to court supervision is not "in custody."  See DeLong v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

1  to challenge the convictions in <u>both</u> the narcotics and stalking cases.[3]  The only ground for relief
2  listed in the state habeas petition was for ineffective assistance of counsel regarding a search and
3  seizure issue.  The statement of supporting facts focused mostly on the narcotics case in which
4  the search and seizure issue existed, but did have a few sentences about the stalking case – in
5  which he initially was represented by the same attorney.  With regard to the stalking case,
6  Al'Faro wrote:

> I was arrested on 10/11/2007 for other accusations made by a girlfriend at the time.  I paid [attorney] Valencia another $25,000.  In my [pretrial on December 7, 2007] his opening statement was "Valencia for the defendent we are having a victims advacate person present."  He was referring to prosecution principal witness.  For seven months he kept telling myself and my family not to worry.

10 Resp. Ex. 7 at 6 (errors in source).  The California Supreme Court denied the petition on July
11 8, 2009.
12       On December 2, 2009, Al'Faro moved to reopen this action and lift the stay.  The court
13 dismissed his claims for Fourth Amendment violations and state law violations, and ordered
14 respondent to show cause why the writ should not be granted on the ineffective assistance of
15 counsel claim.  Respondent now moves to dismiss the petition for failure to exhaust state court
16 remedies.  Al'Faro opposes the motion.

**DISCUSSION**

19       The exhaustion rule requires that a prisoner in state custody who wishes to challenge
20 collaterally in federal habeas proceedings either the fact or length of his confinement must first
21 exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by
22 presenting the highest state court available with a fair opportunity to rule on the merits of each
23 and every claim he seeks to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b),(c); <u>Rose v. Lundy</u>,
24 455 U.S. 509, 515-16 (1982); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981).  The exhaustion-of-

---

[3]The petition Al'Faro filed in the California Supreme Court has a page that suggests that it is a copy of his federal petition.  <u>See</u> Resp. Ex. 7 at 3.  However, the petition filed in state court is <u>not</u> a copy of his petition filed in this court.  Most notably, his state petition lists the information for both convictions while his federal petition lists the information for only the stalking conviction.  <u>Compare</u> Resp. Ex. 7 at 4 <u>with</u> Petition (docket # 1) at 3.

3

state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  Both the legal basis and the factual basis must be fairly presented.  It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.  See id. at 277.  The state's highest court must be alerted to the fact that the prisoner is asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted). Although the exhaustion requirement is not jurisdictional and instead is a matter of comity, see Granberry v. Greer, 481 U.S. 129, 133-34 (1987), the court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

The record before the court reveals two exhaustion problems.  The first problem is that Al'Faro did not fairly present his ineffective assistance of counsel ("IAC") claim to the state's highest court.  Respondent goes too far in arguing that no part of the IAC claim was presented, however, because one of the four subparts of the IAC claim was presented, i.e., the assertion that counsel was ineffective in that he stated that a "victim's advocate" would be present. Compare Petition, p. 3 with Resp. Ex. 7 at 6.  Al'Faro presented that subpart of the IAC claim to the California Supreme Court in a petition that focused more on the narcotics case than the stalking case but did nonetheless identify both the stalking and narcotics cases as the convictions being attacked.  The way he presented it was not at all likely to result in success in the California Supreme Court, but the exhaustion analysis focuses less on the quality of the presentation and more on whether the information is present somewhere in the brief.  The rest of the IAC claim – i.e., that the attorney referred to the complaining witness as the victim, called the prosecutor his friend, and was not prepared at the preliminary hearing – was not fairly presented and is not

exhausted. His petition is a mixed petition, i.e., one part of the claim is exhausted and other parts are not exhausted.

The second problem requires dismissal of this action. In the usual case of a mixed petition, the court allows the petitioner to choose how to deal with an unexhausted claim (e.g., by deleting it or returning to state court to exhaust it) but there is no point in allowing such a choice in this action. Now that the record is further developed, it is clear that the IAC claim asserted must be dismissed. Al'Faro's conviction is based on a no-contest plea, and for present purposes, a no-contest plea is treated the same as a guilty plea. See Cal. Penal Code § 1016. The IAC claim (with its four subparts) asserted by Al'Faro is barred by the rule that pre-plea constitutional violations cannot be considered in a federal habeas action brought by a petitioner who pled guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation). The only challenges left open in federal habeas corpus after a guilty plea are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). Pre-plea events would be relevant only as they affected counsel's advice to the petitioner to plead guilty. The IAC claim Al'Faro pled is not cognizable in federal habeas and must be dismissed because it does not pertain to the decision to plead guilty.

The court will not grant leave for Al'Faro to file an amended petition because, even if Al'Faro wanted to claim that his no-contest plea was involuntary and/or unintelligent or that he received inadequate advice regarding that plea, he has not exhausted state court remedies as to such a claim. The court cannot stay an action where the petition is fully unexhausted. See Rose v. Lundy, 455 U.S. at 510. This action has no cognizable claim that has been exhausted.

This action must be dismissed. This dismissal is without prejudice to Al'Faro filing a new petition after he exhausts state court remedies as to each claim contained in his new petition.

Because this action is being dismissed today, Al'Faro cannot file an amended petition in this action but instead must file a new petition and a new case number will be assigned it when he returns after exhausting in state court. Al'Faro is urged to act promptly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 17.). This action is dismissed without prejudice to petitioner filing a new petition after he exhausts state court remedies as to each claim contained in his new petition.

Petitioner's motion for appointment of counsel is DENIED in light of the dismissal of this action. (Docket # 14, # 15.) Respondent's ex parte application for an extension of time to file the motion to dismiss is GRANTED. (Docket # 16.) The motion, opposition and reply are deemed to have been timely filed.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 10, 2010

_____
SUSAN ILLSTON
United States District Judge